IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LARA GONZALES,        )<br>            ) <br>    Plaintiff,        )<br>            ) <br>    vs.        )<br>            ) <br>CORRECTION OFFICER, et al.,    )<br>            ) <br>    Defendant(s).    )<br>            ) | No. C 07-02373 JW (PR)<br><br>ORDER OF DISMISSAL WITH LEAVE TO AMEND |

On February 8, 2007, plaintiff, a state prisoner incarcerated at the Salinas Valley State Prison ("SVSP") in Soledad, California, filed a letter with this court alleging that correctional officers were conspiring to murder him. On the same day, the clerk notified petitioner that he must either submit an In Forma Pauperis application or pay the full filing fees within thirty days or the action would be dismissed. Although the deadline as since passed, in the interests of justice this Court grants plaintiff an extension of time to file an application to proceed in forma pauperis or pay the filing fee, as well as to file an amended complaint.

///

///

Order of Dismissal with Leave to Amend
N:\Pro - Se\7.2.2007\07-02373 Gonzales02373_dwlta.wpd

**DISCUSSION**

Liberally construed, plaintiff appears to be filing an action pursuant to 42 U.S.C. § 1983, which "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred. See Graham v. Connor, 490 U.S. 386, 393-94 (1989). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda County, 811 F.2d 1243, 1245 (9th Cir. 1987).

Liability may be imposed on an individual defendant under § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. See Leer, 844 F.2d at 633; Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995).

Plaintiff has failed to state a claim under § 1983 for he has failed to allege violations of a right secured by the Constitution or laws of the United States and that the alleged violations were committed by a person acting under the color of state law. See West, 487 U.S. at 48. Plaintiff must set forth specific facts as to each individual defendant's conduct that proximately caused a violation of his federally protected rights. See Leer, 844 F.2d at 634. Plaintiff has not done so, having made

no factual allegations as to each defendant's conduct which proximately caused him injury. Accordingly, this action is DISMISSED WITH LEAVE TO AMEND to attempt to allege cognizable claims pursuant to § 1983 in accordance with this order.

## CONCLUSION

1. Plaintiff must either submit an In Forma Pauperis application or pay the full filing fees within **thirty (30) days** or the action would be dismissed.

2. Plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND. Within **thirty (30) days** of the date of this order, plaintiff may file an AMENDED COMPLAINT using the court's form civil rights complaint. Plaintiff shall complete the form, and include in the caption both the case number of this action (No. C 07-02373 JW (PR)), and the phrase "**AMENDED COMPLAINT**."

3. The amended complaint supersedes the initial complaint and may not incorporate by reference any parts of the original complaint; plaintiff must include in the amended complaint all the allegations and claims he wishes to present.

4. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute.

5. The clerk shall enclose a copy of the court's form complaint and an In Forma Pauperis application with this order to the plaintiff.

**FAILURE TO FILE A TIMELY RESPONSE IN ACCORDANCE WITH THIS ORDER WILL RESULT IN THE DISMISSAL OF THIS ACTION WITHOUT FURTHER NOTICE TO PLAINTIFF.**

DATED:   June 29, 2007

JAMES WARE
United States District Judge